UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

CHARLES L. LETT, SR.                                    Case No. 04-11858

    Debtor

# ORDER CONTINUING THE DETERMINATION OF THE EXAMINER'S MOTION TO REJECT THE DEBTOR'S LEASE UNTIL THE CONFIRMATION HEARING ON A PLAN IN THIS CASE OR UNTIL ANY PARTY FILES A MOTION FOR SETTING ALLEGING THAT THE MATTER SHOULD BE CONSIDERED

    Collins Pettaway, Jr., Attorney for Debtor, Selma, AL
    Jeffery J. Hartley, Attorney for Examiner, Mobile, AL
    Max. A. Moseley & Richard J. Brockman, Attorneys for Ball Healthcare-Dallas, L.L.C., Birmingham, AL
    John C. Calame, Attorney for The Peoples Bank and Trust Company, Selma, AL
    J. Robert Turnipseed, Counsel for the Alabama Department of Economic and Community Affairs, Mobile, AL

This matter came before the Court on the Examiner's motion for approval of rejection of an unexpired lease. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has authority to enter a final order. For the reasons indicated below, the Court will continue the determination of the Examiner's motion to reject the debtor's lease until the confirmation hearing on a plan in this case or until any party files a motion for setting alleging that the matter should be considered.

## FACTS

The Court previously held a hearing on the Examiner's motion for approval of rejection of an unexpired lease on September 7, 2006. The Court issued an order on September 21, 2006,

setting a further hearing on the matter. The facts contained in that order are incorporated by reference.

Pursuant to the order issued on September 21, 2006, the Court held a hearing on October 5, 2006. At this hearing, the parties appeared to reach a resolution on the Examiner's motion. The Court scheduled a further hearing on November 16, 2006, the date of the hearing that is the subject of this opinion, to determine the status of the motion after the settlement discussions were concluded.

At the hearing, the Court discovered that a resolution had not occurred. The issue preventing a resolution from being reached was the parties' differing interpretations of the application of 11 U.S.C. § 363(f), i.e. the provision of the Bankruptcy Code that lays out the conditions under which the trustee may sell property of the estate free and clear of other interests.

Collins Pettaway, Jr., the attorney for the debtor, noted that the continuation of the lease would provide a benefit to the estate. Max. A. Moseley, the attorney for Ball Healthcare-Dallas, L.L.C. ("Healthcare-Dallas"), i.e. the lessee, noted that the case law on § 363(f) is split. He stated that case law provides that adequate protection must be provided to the lessee if a § 363(f) sale takes place. In this case, Mr. Moseley argued that Healthcare-Dallas's adequate protection figure would be approximately $10 million. He further argued that such a sale would provide no benefit to the debtor since there is no way the building that Healthcare-Dallas is leasing can be sold for $13 to $14 million, which is what the building would have to be sold for to provide any benefit to the debtor.

Moreover, Mr. Moseley noted that if the building, which is a nursing home, is sold without the certificate of need, it would seriously undermine the value. Mr. Moseley dismissed the Alabama Department of Economic and Community Affairs's ["ADECA"] argument that a §

363(f) sale would help pay off their entire claim by noting that if such a sale were to go through, then $1 million would have to be paid to People's Bank and $1.5-$2.5 would have to be paid to Healthcare-Dallas to compensate it for the leasehold improvements it made on the building, thereby providing no benefit to the estate. In essence, Mr. Moseley requests this Court to deny the Examiner's motion to reject the lease because, in his opinion, a monthly lease payment will provide a benefit to the estate, Healthcare-Dallas's assumption of the maintenance costs will provide a benefit to the estate, and no evidence was presented to substantiate the claim that a § 363(f) will provide a benefit to the estate.

John C. Calame, the attorney for The Peoples Bank and Trust Company ("Peoples Bank"), adopted the arguments made by Mr. Pettaway and Mr. Moseley but further noted that he believes there is little value to the property without the Ball Healthcare lease.

J. Robert Turnipseed, counsel for ADECA, noted that it is the debtor-in-possession's job to prove that the continuation of the lease will provide a benefit to the estate. Mr. Turnipseed argued that there is no proof before the Court as to whether an assumption or rejection of the lease will benefit or harm the estate. Moreover, the maintenance issues were never presented to the debtor or the Court by Healthcare-Dallas, a fact, he argues, that was in this Court's September 21 order. Mr. Turnipseed dismissed Healthcare-Dallas's arguments by advocating that Healthcare-Dallas would have no claim against the debtor because it never filed a proof of claim. Since the bar date to file a proof of claim has already elapsed, Healthcare-Dallas cannot now file a proof of claim. Mr. Pettaway countered this argument by stating that Healthcare-Dallas was not a party at prior hearings and therefore, it did not have to file a proof of claim. Mr. Moseley further defended Healthcare-Dallas by stating that it received no notice of this

bankruptcy or of the bar date order. Since Healthcare-Dallas is a sublessee and not a creditor, Mr. Moseley argued that it is still entitled to file a proof of claim in the future.

In discussing § 363(f), Mr. Turnipseed stated that case law says that any interest may be stripped off, including a leasehold interest. According to him, when a leasehold interest is stripped off, then it no longer exists under Alabama law. Therefore, Peoples Bank will get paid first since it holds the first mortgage on the building and ADECA will be the next creditor in line since it holds the second mortgage. As such, Mr. Turnipseed requests this Court to deny the Examiner's motion without prejudice. Mr. Moseley countered Mr. Turnipseed's arguments, saying that his assertions about a § 363(f) sale, by itself, is not evidence. Mr. Moseley also disputed Mr. Turnipseed's statement that ADECA was second on the property, arguing instead that Healthcare-Dallas's leasehold mortgage is second. To further Healthcare-Dallas's right to the property, Mr. Moseley reiterated that the lease provides that any leasehold improvements belong to the lessee and therefore, Healthcare-Dallas would need to be compensated for such improvements before anyone else may take possession.

Jeffery J. Hartley, the attorney for the Examiner, emphasized the marketability of the building by noting that it currently has a 99% occupancy rate and helps provide a net profit to its owners of $300,000 a year. He further stated that he has talked with people that could be interested in buying the building. He disputed Mr. Moseley's argument that a sale without Healthcare-Dallas's certificate of need would diminish the value of the building by noting that some of the people that may be interested in buying the building have their own certificate of need. Mr. Moseley countered Mr. Hartley's statements by arguing that the Examiner's assertion that people are interested, by itself, is not evidence. He also noted that the lease gives Healthcare-Dallas a right of first refusal. Mr. Moseley also addressed Mr. Hartley's argument

that since the business makes a lot of money, i.e. $300,000 in net profits, then it will sell for a lot of money by stating that prior to Healthcare-Dallas's occupancy of the building, the business earned nothing. In essence, Mr. Moseley argued that any profitability the business has can only be attributed to Healthcare-Dallas's business skills and not to the building in and of itself.

## DISCUSSION

The issues raised are weighty ones. The Court realizes that if it approves assumption of the lease and the property is subsequently sold, any claim of Healthcare-Dallas may well be an administrative claim, which could be quite large. The Court is also aware that there is no definitive answer to the Section 363 question. There are some courts that interpret Section 363 as allowing an asset of the estate to be sold free and clear of all interests, including leasehold interests. *See Precision Indus., Inc. v. Qualitech Steel SBQ, LLC (In re Qualitech Steel Corp.)*, 327 F.3d 537, 548 (7th Cir. 2003); *Hill v. MKBS Holdings, LLC (In re Hill)*, 307 B.R. 821, 825-26 (Bankr. W.D. Pa. 2004); *Cheslock-Bakker & Assoc., Inc. v. Kremer (In re Downtown Athletic Club of New York City, Inc.)*, 2000 WL 744126, at *4 (S.D.N.Y. June 9, 2000). Other courts, however, find that Section 365(h) trumps Section 363(f) and can, therefore, prevent the sale of an asset that is property of the estate. *See In re Haskell L.P.*, 321 B.R. 1, 9 (Bankr. D. Mass. 2005); *In re Churchill Props. III, L.P.*, 197 B.R. 283, 288 (Bankr. N.D. Ill. 1996); *In re Taylor*, 198 B.R. 142, 167-68 (Bankr. D.S.C. 1996).

The Court has not yet set a confirmation hearing on Dr. Lett's plan or any other plan. The Court will continue the hearing on the motion to assume or reject Debtor's lease with Healthcare-Dallas until a confirmation hearing is held. The Court will consider the motion in light of any plan proposed. If a plan is confirmed and assumption of this lease is necessary or appropriate to

the plan, the motion will be granted. If a plan is not confirmed, the Court will assess the wisdom of assumption in light of that circumstance.

THEREFORE IT IS ORDERED AND ADJUDGED that the further hearing on this motion is continued until a confirmation hearing is held on any plan proposed in this case or until the Court reschedules the hearing based upon a motion for setting filed by any party that alleges the matter should be considered.

Dated: November 28, 2006

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE